IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINT ALAN WOOD, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1850-BH |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Clint Alan Wood, TDCJ # 1233376, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently housed at the Ramsey Unit in Rosharon, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

In 2003, Wood was charged with aggravated assault on a public servant with a deadly weapon as well as other offenses in the 194th Judicial District Court of Dallas County, Texas, cause number F03-41368-NM. (State Habeas R. at 70.) The indictment also included an enhancement paragraph alleging a prior 1993 felony conviction for aggravated robbery with a deadly weapon. (*Id.*) On April 19, 2004, Wood waived his right to a jury trial and entered a negotiated plea of guilty to the charged offense and a plea of true to the enhancement allegation; in accordance with the plea bargain agreement, he was sentenced by the trial court to twenty years' confinement. (*Id.* at 73-79.) Wood did not appeal his conviction or sentence. (Petition at 3.) He did, however, file a state application for writ of habeas corpus raising the claims presented herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Wood*, Application No. WR-62,199-01, at cover; *see also* state court case information, *available at* http://www.cca.courts.state.tx.us). Wood filed this federal petition for writ of habeas corpus on September 8, 2005.

## D. Issues

In three grounds for relief, Wood claims that (1) his plea was unlawfully induced, (2) his sentence is illegal, and (3) he was denied effective assistance of trial counsel. (Petition at 7.)

## E. Rule 5 Statement

Quarterman does not contend that Wood's claims are unexhausted or procedurally barred. 28 U.S.C. § 2254(b)(1).

## III. APPLICABLE LAW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### IV. INEFFECTIVE ASSISTANCE AND VOLUNTARINESS OF PLEA

Wood contends that he received ineffective assistance of trial counsel because counsel failed to give him copies of police case narratives, investigate the charge and inform him of the various, or lesser included, offenses of aggravated assault on a public servant, request an examination trial,

3

and explain options open to him, and that counsel induced his guilty plea at the encouragement of the state; thus rendering his plea involuntary. (Petition at 7.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). Wood asserts that but for counsel's actions he would have insisted on going to trial. (Pet'r Response at 3.) Thus, we must determine only whether counsel's representation fell below an objective standard of reasonableness in his case.

In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

Further, a guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute

4

bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

As to Wood's ineffective assistance claims, once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)*, cert. denied*, 466 U.S. 906 (1984); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied*, 456 U.S. 992 (1982). Thus, to the extent Wood complains of his trial counsel's alleged failure to give him copies of police case narratives, request an examination trial, and explain options open to him, matters unrelated to the voluntariness of his plea, these claims are nonjurisdictional and are waived by the plea. *See United States v. Broce*, 488 U.S. 563, 573-74 (1989). The Court therefore only considers whether counsel induced Wood's guilty plea by misrepresentation or erroneous advice regarding the charges against him.

The state habeas court held a hearing by affidavit in which trial counsel testified, verbatim and in relevant part, as follows:

> [I] represented Clint Alan Wood on the following charges:
>
> - Aggravated Assault on a Public Servant/Enhanced
> - Robbery/Enhanced
> - Evading Arrest with a Vehicle/Enhanced
> - Possession of a Controlled substance/Enhanced
>
> I have attached copies of the affidavits for arrest warrant on these cases. The information in these affidavits is what I went over with Mr. Wood to make sure he knew what he was charged with. I also informed him of additional information that

> the prosecutor made me aware of.
>
> I have reviewed Mr. Wood's Application for Writ of Habeas Corpus. If, in fact, the evidence as shown by these affidavits, as well as the additional evidence that the prosecutor had to present at trial, shows that Mr. Wood was only guilty of a third degree felony then I misinformed him of the law. My assessment of the facts was that the Aggravated Assault case was a first-degree felony with an enhancement paragraph carrying a sentence of 15 years to life. My assessment of the evidence of the robbery charge, with an enhancement paragraph, was that it was a second degree felony which was bumped up to a first degree felony carrying a sentence of 5 to 99 years or life. My assessment of the evading arrest with a vehicle was that it was a state jail felony with one prior conviction, which made it a second degree felony, carrying 2 to 20 years.
>
> I always endeavor to give my clients accurate and complete information concerning their charges and the evidence. I do not remember the specifics of my discussions with Mr. Wood. If he says I did not provide him accurate information, I have an insufficient recollection to respond to that other than to refer to the affidavits attached hereto. I express no opinion at this time as to whether my assessment of the evidence and what charges and punishment they support are correct and will leave that to the Court to decide. (*Id.* at 52-53.)

In light of counsel's testimony and the documentary evidence in the state record, the state habeas court entered findings of fact refuting Wood's allegations. (*Id*. at 48-50.) Specifically, the habeas judge, who was also the trial judge, found that counsel is a trustworthy individual, that the statements made by counsel in his affidavit are worthy of belief, that counsel exercised all of the skill and expertise which one could reasonably expect of an attorney, and that Wood was in no way denied his right to effective assistance of counsel. (*Id.* at 48-49.) Weighing the credibility of the affiants was the role of the state court, and, clearly, the court found the affidavit of counsel to be credible. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (providing that a trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are "virtually unreviewable" by the federal courts).

Moreover, the state habeas judge found that Wood's plea of guilty was accepted only after the court thoroughly and properly admonished Wood as to the meaning and consequences of his

6

plea, that Wood's plea would not have been accepted if the court had not been convinced that Wood knew and understood the consequences of his plea, that Wood's plea was made and accepted in accordance with the requirements of state law, and that Wood's plea was knowingly and voluntarily entered. (*Id.* at 49.) The judge also took notice of Wood's judicial confession and the plea agreement itself. (*Id.* at 67-69.) In turn, the Texas Court of Criminal Appeals denied relief without written order on these findings. *Ex parte Wood*, Application No. WR-62,199-01, at cover.

Wood has failed to rebut the presumption of regularity of the state court records and the correctness of the state courts' adjudication of his claims. *See Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999); *see also Hill*, 210 F.3d at 485; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). Nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness. Although there is no reporter's record of the plea proceeding, the documentary record reflects that Wood was advised as to the charges against him, that he entered his guilty plea in open court, and that he was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense. (State Habeas R. at 68-69.) Wood executed the written plea admonishments in which he acknowledged that he was aware of the consequences of his plea, that his plea was made knowingly, freely and voluntarily, with the full understanding of the consequences, and that his plea was not influenced by any consideration of persuasion. (*Id.* at 17-18.) *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Further, Wood judicially confessed to committing the offense as charged in the indictment.

Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative

7

evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). A habeas petitioner's self-serving assertion, after the fact, that he was induced into entering a guilty plea by counsel's acts or omissions is in and of itself insufficient. *See Siao-Pao v. Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also*, *e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems). Wood's claim, after the fact, that based on the evidence he was guilty of a lesser offense, unsupported by anything in the record, is insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same); *Siao-Pao v. Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also*, *e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems).

The record supports the state courts' determination of these issues. Wood's claim that his plea was induced or rendered involuntary is without merit.

## V. ILLEGAL SENTENCE

Wood claims his sentence is illegal because at the time of the alleged assault, he was unaware he was assaulting a police officer; thus, he did not commit the crime as Texas defines it. (Petition at 7.) As such, according to Wood, the evidence is insufficient to support the greater offense, and had "a proper grand jury" been presented with evidence on the issue of *mens rea*, he would have been "true billed" at most on the charge of reckless conduct. (*Id.*)

Wood is precluded from challenging the sufficiency of the evidence after pleading guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). By entering a guilty plea, Wood waived his right to demand any constitutionally-sufficient evidence to sustain his conviction. *See United States*

*v. Broce*, 488 U.S. 563, 569 (1989). State courts are under no federal constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir.1986). Thus, the rule in *Jackson v. Virginia*, 443 U.S. 307 (1979), which mandates sufficient evidence from which a rational fact finder could find guilt beyond a reasonable doubt, is inapplicable to convictions based on a guilty plea. *See Smith*, 786 F.2d at 702.

In conclusion, the state courts' adjudication of Wood's claims is not contrary to or involve an unreasonable application of federal law in light of the record as a whole and is entitled to deference and the presumption of correctness.

## VI. RECOMMENDATION

Wood's petition for writ of habeas corpus and his motion for an evidentiary hearing should be denied.

SIGNED on this 18th day of February, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                      IRMA CARRILLO RAMIREZ
                                                      UNITED STATES MAGISTRATE JUDGE